UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:13-CR-209 |
| | : | Case No. 1:16-CV-356 |
| Plaintiff, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Doc. No. 26] |
| JOSE ROMERO, | : | |
| | : | |
| Defendant. | : | |
| | : | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Jose Romero brings this motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.[1] In particular, he argues that his felony domestic violence conviction is no longer a predicate offense that could qualify him for a higher base offense level under the United States Sentencing Guidelines. The Government opposes.[2]

For the following reasons, the Court **DENIES** Romero's petition.

## I. Background

On June 19, 2013, Defendant Romero pled guilty to being a felon in possession of a firearm, in violation of 18. U.S.C. § 922(g)(1).[3] Section 2K2.1 of the United States Sentencing Guidelines ("U.S.S.G."; "Guidelines") governs sentencing for unlawful possession of a firearm.[4] Under § 2K2.1(a)(4)(A), a defendant found in possession of a firearm receives a base offense level of twenty if the defendant committed the offense after sustaining a felony conviction of

---

[1] Doc. 26.
[2] Doc. 28.
[3] Doc. 19.
[4] U.S.S.G. § 2K2.1.

Case No. 1:13-CR-209
Gwin, J.

either a "crime of violence" or a "controlled substance offense."[5] Without such a prior conviction, a defendant's base offense level may be only twelve or even six.[6]

Defendant Romero has two prior Ohio domestic violence convictions.[7] The first is a 2005 first degree misdemeanor.[8] The second is a 2006 fourth degree felony.[9] The Presentence Report ("PSR") stated that Romero was subject to the base offense level of twenty based on his prior domestic violence convictions.[10]

The Supreme Court's recent *Johnson v. United States*[11] opinion raises questions of whether certain prior felonies can be counted as a "crime of violence" under the Guidelines. Defendant Romero brings this motion arguing that his domestic violence conviction no longer qualifies as a crime of violence predicate offense.[12] As a result, Defendant Romero argues his base offense level was improperly calculated at the time of sentencing.

## II. Legal Standard

Title 28 United States Code Section 2255 gives a post-conviction means of collaterally attacking a federal conviction or sentence that violates federal law. Section 2255 provides four grounds upon which a federal prisoner may challenge his conviction or sentence:

> 1) That the sentence was imposed in violation of the Constitution or laws of the United States;
> 2) That the court was without jurisdiction to impose such sentence;
> 3) That the sentence exceeded the maximum authorized by law; or
> 4) That the sentence is otherwise subject to collateral attack.[13]

---

[5] U.S.S.G. § 2K2.1 (A prior conviction will increase a defendant's base offense level to twenty if the defendant "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance").
[6] *Id.*
[7] Doc. 20 at 10, 11.
[8] *Id.*
[9] *Id.*
[10] *Id.* at 6.
[11] ___ U.S. ___, 135 S.Ct. 2551 (2015).
[12] Doc. 26 at 12.
[13] 28 U.S.C. § 2255(a).

Case No. 1:13-CR-209
Gwin, J.

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[14]

### III. Analysis

Until recently, the Sentencing Guidelines defined "crime of violence" as any crime punishable by imprisonment for a term exceeding one year, that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.[15]

The first prong is called the use-of-force clause. The first part of the second prong is called the enumerated clause. And the second part of the second prong, emphasized above, is called the residual clause.

On June 26, 2015, the Supreme Court gave an opinion in *Johnson v. United States*. The Court analyzed a nearly-identical definition in the Armed Career Criminals Act ("ACCA").[16] The Court held that the ACCA's residual clause was unconstitutionally vague because it "denie[d] fair notice to defendants and invite[d] arbitrary enforcement by judges."[17] As a result, predicate offenses must fall under either the use-of-force clause or the enumerated clause to be predicate offenses for an enhanced sentence.

---

[14] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).
[15] U.S.S.G. § 4B1.2.
[16] The ACCA defines "violent felony" as a crime that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added).
[17] ___ U.S. ___, 135 S. Ct. 2551, 2557 (2015).

Case No. 1:13-CR-209
Gwin, J.

The Sixth Circuit has already held that *Johnson* also invalidates the identical residual clause found in the Sentencing Guidelines.[18] As a result, prior offenses that are predicates for a higher base offense level under § 2K2.1 must now fall under either the use-of-force or enumerated clause.

However, it remains an open question whether this decision applies retroactively.[19] If *Johnson* applied retroactively to the Guidelines, it would allow a defendant to collaterally challenge a sentence that was predicated on a residual clause offense.

In this case, the Court need not wait for a decision. Even if *Johnson* applied retroactively to the Guidelines, Defendant Romero's case would lose. Ohio's domestic violence statute remains a crime of violence under the use-of-force clause.

In 2006 Romero was indicted and convicted of a fourth degree felony under Ohio Revised Code § 2919.25(A), which says that:

> No person shall knowingly cause or attempt to cause physical harm to a family or household member.[20]

In *United States v. Gatson*, the Sixth Circuit addressed the same domestic violence statute.[21] The Sixth Circuit held that the statute fell under the use-of-force clause because attempting to cause or causing physical harm necessarily entails the "use, attempted use, or

---

[18] *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

[19] This question has been granted certiorari and will be heard at the United States Supreme Court. *Beckles v. United States*, No. 15-8544. The Sixth Circuit recently confirmed the approach of waiting for a decision in *Beckles* before deciding the merits of the retroactivity argument. *In re: Alford D. Embry*, No. 16-5447, __ F.3d. __ (6th Cir. July 29, 2016) ("[I]t is not clear whether to treat *Pawlak* as a new rule that the Supreme Court has not yet made retroactive or as a rule dictated by *Johnson* that the Supreme Court has made retroactive. Now is not the time to decide that question . . . . [T]he outcome of Beckles, one hopes, will make all of this a lot easier. We therefore grant the motion and transfer the case to the district court, to be held in abeyance pending the Supreme Court decision in *Beckles v. United States*.").
the q of retroactivity isn't clear…easier…pending Beckles"

[20] *Lorain Count Court of Common Pleas*, No. 06-CR-069778; Ohio Rev. Code § 2919.25(A). Romero's PSR differed as to whether the 2005 misdemeanor or the 2006 felony was the basis for his higher base offense level. *See* Doc. 20 at 3, 6. The Court analyzes the 2006 felony alone. It is sufficient to support the base offense level of 20 under § 2K2.1.

[21] *United States v. Gatson*, 776 F.3d 405, 410-11 (6th Cir. 2015), *reh'g denied* (Feb. 6, 2015), *cert. denied*, 135 S. Ct. 2848, 192 L. Ed. 2d 884 (2015) (citing Ohio Rev. Code § 2919.25(A)).

Case No. 1:13-CR-209
Gwin, J.

threatened use of physical force."[22] This Court recently addressed the same issue and found that *Gatson* was still valid post-*Johnson*.[23] Moreover, the *Gatson* Court's reasoning applies with equal force in to the Guideline's use-of-force clause as the ACCA's use-of-force clause.[24]

Defendant Romero has not offered any reason to depart from the *Gatson* opinion. The Court finds that there is none. The domestic violence statute at issue fell under the use-of-force clause, not the residual clause alone. *Johnson*, if it applied, would not change the analysis.

Defendant Romero's base offense level of twenty, calculated using his prior felony domestic violence charge, was proper. Even if he could challenge it collaterally after *Johnson*, he would not succeed.

### IV. Conclusion

For the reasons stated in this opinion, this Court finds that Defendant Romero's domestic violence felony still qualifies as a predicate offense. The Court **DENIES** Romero's petition. The Court certifies that an appeal from this decision cannot be taken in good faith.

IT IS SO ORDERED.

Dated: August 2, 2016           *s/     James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[22] *Id.*
[23] *United States v. Nagy*, 144 F. Supp. 3d 928, 934 (N.D. Ohio 2015).
[24] *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009) ("[W]e treat a 'crime of violence' under § 4B1.1(a) of the guidelines the same as a 'violent felony' under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) . . . because both laws share essentially the same definitions (if not the same titles).").